UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 12-91S |
| | : | |
| RODNEY CASTILLO | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Rodney Castillo is in violation of the terms of his supervised release and, if so, for recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on December 2 and 12, 2016, and on January 9, 2017. On December 2, I ordered Defendant detained. At the January 9 hearing, Defendant, personally and through counsel, waived a violation hearing and admitted that he had violated his conditions of supervised release. Based upon the following analysis, the parties' joint recommendation and Defendant's admissions, I recommend that the Court impose a sentence of twelve months and one day of incarceration, with the sentence commencing on December 2, 2016, when Defendant was initially detained in connection with these violations. I further recommend that the incarcerative sentence be followed by a twenty-four-month term of supervised release. While on supervised release, I recommend that Defendant be required to comply with the following conditions:

> **Defendant shall participate in substance abuse treatment on an inpatient or outpatient basis, as approved by the Probation Department. Defendant shall**

> **contribute to the cost of such treatment based on ability to pay as determined by the Probation Department.**
>
> **Defendant shall submit to substance abuse testing (up to 72 specimens per year) as directed by the Probation Department.**
>
> **Defendant shall participate in a manualized behavioral program as directed by the United States Probation Office. Such program may include group sessions led by a counselor or participating in a program administered by the United States Probation Office. Defendant shall pay for the cost of treatment based upon ability to pay as determined by the Probation Officer.**
>
> **The Court makes a judicial recommendation that Defendant consider participation in the HOPE Court program.**

I.    BACKGROUND

August 26, 2016, the Court granted the Probation Office's petition for the issuance of a warrant charging Defendant with the following violations:

> **Violation No. 1: While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On August 23, 2016, Mr. Castillo was arrested on a Warwick Police warrant for two counts of Manufacture/Delivery/Possession with Intent to Distribute Schedule I/II Narcotics. He appeared in Third Division District Court in Warwick (32-2016-07917) and was held without bail.
>
> **Violation No. 2: Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.**
>
> Mr. Castillo submitted urine tests that tested positive for cocaine on August 20, 2015, September 3, 2015, and March 25, 2016.

After he was released by the State following detention on the charges underlying Violation No. 1, Defendant was transferred into federal custody and appeared before the Court on December 2, 2016. The Court temporarily appointed an Assistant Federal Defender and continued the matter at Defendant's request (due to his retained attorney's unavailability) to December 12, 2016; on December 12, the matter was continued again at Defendant's request to January 9, 2017. At the

January 9 hearing, Defendant waived a revocation hearing and admitted to all of the charged violations. Based on the admissions, I found that he is in violation of the terms and conditions of his supervised release.

## II. APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony; therefore, he may not be required to serve more than two years imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is

required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release; therefore, the Court may impose any term of supervised release.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision. Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation; therefore, the Court shall revoke supervision.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment.  Neither of these provisions applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is fifteen to twenty-one months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### III.   ANALYSIS

On April 5, 2013, at the age of twenty-four, Defendant pled guilty and was sentenced to thirty months of incarceration for conspiracy to distribute and possess with intent to distribute cocaine base, to be followed by a three-year term of supervised release. Supervised release commenced on June 20, 2014, with a projected expiration date of June 19, 2017.

Despite an obviously supportive family,[1] since commencing supervision, Defendant failed to apply himself either to education or to work at a level appropriate to his physical capacity.[2] Instead, after two years during which he did not accomplish much, he was arrested on August 23, 2016, after twice selling heroin to an undercover Warwick police detective on June 16 and 22, 2016. The resulting state charge remains pending; this conduct is the basis for Violation No. 1. Violation No. 2 is based on three drug tests that came back positive for cocaine on August 20, 2015, September 3, 2015, and March 25, 2016.

The government and Defendant jointly urge the Court to impose a below-guidelines-range sentence of twelve months and one day in prison to be followed by a twenty-four-month period of supervised release. They also agree that special conditions of supervision should be

---

[1] Defendant's parents attended the January 9, 2017, hearing.

[2] Defendant was the victim of two drive-by shootings in 2008 and 2010. His disability application is pending.

6

imposed to include substance abuse treatment and testing, participation in a manualized behavioral program, and consideration of the HOPE Court program.

In support of the joint proposal, the government pointed out that Defendant was originally sentenced for selling cocaine, conduct that is troublingly similar to the current charge of selling heroin. The proposed sentence, which the parties agree should begin running on December 2, 2016, when Defendant was transferred into federal custody, will result in a total period of incarceration since his arrest in August of fifteen months. This is at the low end of the applicable guidelines range of fifteen to twenty-one months. It also sets an appropriate balance, considering Defendant's serious breach of trust and danger to the public as a recidivist drug distributor, but also considering his admissions to the violations. While Defendant may well yet receive an incarcerative sentence from the state, it remains true that he is fortunate that this new criminal conduct has not led to a new federal indictment. On allocution, Defendant stated that he has learned his lesson and understands that the burden is on him to change course. He thanked the Court for what it is doing for him.

I endorse the parties' joint sentencing recommendation. Accordingly, I recommend that the Court impose a prison term of twelve months and a day followed by a twenty-four-month term of supervised release with special conditions. This sentence would adequately punish Defendant for his conduct, but also provide him with the motivation to earn good time credit. The special conditions, including the recommendation that he consider participating in HOPE Court, would provide Defendant, upon release, with the structure he will need to begin to take mature responsibility for the direction of his life.

## IV.    CONCLUSION

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that the Court impose a sentence of twelve months and one day of incarceration to commence on December 2, 2016, to be followed by a twenty-four-month term of supervised release. I further recommend that, while on supervised release, Defendant be required to comply with the following conditions:

> Defendant shall participate in substance abuse treatment on an inpatient or outpatient basis, as approved by the Probation Department. Defendant shall contribute to the cost of such treatment based on ability to pay as determined by the Probation Department.
>
> Defendant shall submit to substance abuse testing (up to 72 specimens per year) as directed by the Probation Department.
>
> Defendant shall participate in a manualized behavioral program as directed by the United States Probation Office. Such program may include group sessions led by a counselor or participating in a program administered by the United States Probation Office. Defendant shall pay for the cost of treatment based upon ability to pay as determined by the Probation Officer.
>
> The Court makes a judicial recommendation that Defendant consider participation in the HOPE Court program.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 17, 2017